UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHARLES J. EDWARDS, :
:
:
      Plaintiff, :
:
  -against- :  CV-03-6123 (ADS-JO)
:
BROOKHAVEN SCIENCE ASSOCIATES, LLC, :  <u>Document Electronically Filed</u>
:
      Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO STRIKE PLAINTIFF'S DEMAND
<u>FOR COMPENSATORY DAMAGES AND A JURY TRIAL</u>**


Dated: Newark, New Jersey
    July 15, 2005


Edward Cerasia II (EC-8297)
Elana Gilaad (EG-4212)
Christie Del Rey-Cone (CD-3467)
PROSKAUER ROSE LLP
One Newark Center, 18th Floor
Newark, New Jersey 07102
973.274.3200

Attorneys for Defendant
BROOKHAVEN SCIENCE ASSOCIATES, LLC

## I. PRELIMINARY STATEMENT

Defendant Brookhaven Science Associates, LLC ("BSA") respectfully submits this memorandum of law in support of its motion to strike plaintiff Charles Edwards' ("Edwards'") request for compensatory damages and jury demand with respect to his retaliatory discharge claim under the Americans With Disabilities Act ("ADA"). The Court should strike Edwards' request for compensatory damages and jury demand because the ADA only provides equitable relief for retaliation claims. The specific provisions of the ADA that speak to legal relief and a jury trial do not include the section of the ADA that allows for retaliation claims.

## II. ARGUMENT

In his Amended Verified Complaint, Edwards demands a trial by jury and compensatory damages (but not punitive damages). (Am. V. Compl., ¶ 25.) On February 23, 2004, BSA filed its Answer and Affirmative Defenses to the Amended Verified Complaint and specifically responded that "[w]ith respect to paragraph 25 of the Amended Verified Complaint, BSA denies that plaintiff is entitled to a trial by jury with respect to any retaliation claim under the ADA." (Answer, ¶ 25.) The Court should grant BSA's motion to strike the demand for compensatory damages and a jury trial on the retaliation claim because such demands are not authorized by the ADA.

"The Seventh Amendment to the United States Constitution guarantees the right to a trial by jury for all claims asserting legal rights [but] no jury trial is required for claims that are equitable in nature." Reliability Research Inc. v. Computer Assocs. Int'l, Inc., 851 F. Supp. 58, 60 (E.D.N.Y. 1993) (citations omitted). "To determine whether an action is legal or equitable, the court must consider both the nature of the action and the remedy sought." Id. (citing Local 391 v. Terry, 494 U.S. 558, 565 (1990)).

Recently, courts began examining whether or not a plaintiff is entitled to recover compensatory damages for a retaliation claim under the ADA. For instance, in Kramer v. Banc of America Securities, LLC, 355 F.3d 961, 965 (7th Cir. 2004), the court examined this question and held that a plaintiff can only recover equitable relief for a retaliation claim under the ADA. The Kramer court examined the statutory history of the ADA and concluded that "the 1991 Civil Rights Act [did] not expand the remedies available to a party bringing an ADA retaliation claim against an employer and therefore compensatory and punitive damages are not available." Id. The Kramer court went on to explain that 42 U.S.C. § 1981(a)(2) lists the claims for which legal relief is provided under the ADA and the section of the ADA providing for a cause of action for retaliation, 42 U.S.C. § 12203, is not on that list. 355 F.3d at 965-66. Consequently, "the remedies available for ADA retaliation claims against an employer are limited to the [equitable] remedies set forth in § 2000e-5(g)(1)." Id. at 965. This is not an unusual result since "'within a particular statute a right to a jury might exist as to some of the enforcement sections and not as to others,' and courts must be careful to examine the applicable subsections at issue to determine which remedies are available." Sabbrese v. Lowe's Home Ctrs., Inc., 320 F. Supp. 2d 311, 332 (W.D. Pa. 2004) (quoting Cox v. Keystone Carbon Co., 361 F.2d 390, 392 (3d Cir. 1988)). Other courts that have considered whether or not a retaliation claim under the ADA is limited to equitable relief have held that it is so limited and, accordingly, have concluded that a jury trial is not available. E.g., Kramer, 355 F.3d at 966; Bowles v. Carolina Cargo, Inc., 2004 U.S. App. LEXIS 11598, at *1-2 (4th Cir. May 24, 2004) (holding that plaintiff was not entitled to a jury trial on his retaliation claim under the ADA because his relief is limited to equitable relief); Rhoads v. Fed. Deposit Ins. Corp., 2004 U.S. App. LEXIS 7385, at *2 (4th Cir. Apr. 16, 2004); Sabbrese, 320 F. Supp. 2d at 332 ("since compensatory and punitive damages are not available,

2

the sole remedy for plaintiff's retaliation claims pursuant to the ADA is equitable relief [and] plaintiff is not entitled to a jury trial on that claim"); Sink v. Wal-Mart Stores, Inc., 147 F. Supp. 2d 1085, 1100-01 (D. Kan. 2001) (finding that "the statutory language and legislative history of the ADA simply do not support a valid basis for a claim of compensatory and punitive damages for an ADA retaliation claim"); Brown v. City of Lee's Summit, Missouri, 1999 U.S. Dist. LEXIS 17671, at *14 (W.D. Mo. June 1, 1999) (ADA does not provide for compensatory or punitive damages for a retaliation claim, so plaintiff is not entitled to a trial by jury on his retaliation claim). This Court should reach the same conclusion.

In light of the above cases and rationale – particular the statutory history of the ADA and its remedial scheme – Edwards cannot recover compensatory damages for his ADA retaliatory discharge claim. Rather, he can only seek equitable relief under the ADA. Because Edwards can only obtain equitable relief on his retaliation claim, he has no right to a jury trial on that claim. E.g., Kramer, 355 F.3d 966 (concluding that, "[b]ecause [plaintiff] was not entitled to recover compensatory or punitive damages, she has no statutory or constitutional right to a jury trial"); cf. Wade v. Orange County Sheriff's Office, 844 F.2d 951, 954 (2d Cir. 1988) (concluding that there was no right to a jury trial under Title VII as it existed before the Civil Rights Act of 1991, because only equitable relief was available). Therefore, the Court should strike Edwards' demand for a jury trial with respect to his retaliatory discharge claim.

### III. CONCLUSION

For all of the foregoing reasons, the Court should grant BSA's motion to strike Edwards' demand for compensatory damages and his jury trial demand with respect to his retaliatory discharge claim under the ADA; grant to BSA its costs, including attorneys' fees, incurred in

connection with this motion; and grant to BSA such other and further relief as the Court may deem just and proper.

Dated: Newark, New Jersey
       July 15, 2005

                                      Respectfully submitted,

                                      PROSKAUER ROSE LLP

                                      By s/Edward Cerasia II
                                         Edward Cerasia II (EC-8297)
                                         Elana Gilaad (EG-4212)
                                         Christie Del Rey-Cone (CD-3467)
                                    One Newark Center, 18th Floor
                                    Newark, New Jersey 07102
                                    973.274.3200 or 212.736.8185

                                    Attorneys for Defendant
                                     Brookhaven Science Associates, LLC

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2005, I caused to be served a true and correct copy of Defendant's Memorandum of Law in Support of Its Motion To Strike Plaintiff's Demand For Compensatory Damages And A Jury Trial, by ECF and U.S. first-class mail, postage prepaid, on the following counsel of record for plaintiff:

> Michael J. Regan, Esq.
> 200 Railroad Avenue
> Sayville, New York 11792

<u>s/ Christie Del Rey-Cone</u>
Christie Del Rey-Cone

5