**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
CHARLES J. EDWARDS,

                      Plaintiff,

      -against-

BROOKHAVEN SCIENCE ASSOCIATES, LLC,

                      Defendant.
---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
03-cv-6123 (ADS)(JO)

**APPEARANCES:**

**MICHAEL J. REGAN, ESQ.**
Attorney for the plaintiff
200 Railroad Avenue
Sayville, NY 11782

**PROSKAUER ROSE, LLP**
Attorneys for the defendant
One Newark Center
18th Floor
Newark, NJ 07102
       By:    Edward Cerasia, II, Esq.
               Elana Gilaad, Esq.
               Christie Del Rey-Cone, Esq., Of Counsel.

**SPATT, District Judge**

      The plaintiff Charles J. Edwards ("Edwards" or the "Plaintiff") moves for review of an Order of the Clerk, dated May 1, 2006, that assessed costs in favor of the Defendant Brookhaven Science Associates, LLC ("Brookhaven" or the "Defendant"), and against the Plaintiff, in the sum of $1,480.02, for the cost of the Plaintiff's deposition transcript and reimbursement for transportation, lodging and witness fees

for Russell Reaver, a trial witness. The Plaintiff does not contend that the Court improperly taxed costs. Rather, the Plaintiff claims that the Court should exercise its discretion and vacate the award of costs due to the Plaintiff's inability to pay. The Defendant opposes the Plaintiff's motion.

I.   **BACKGROUND**

The Plaintiff's case involved federal law claims that the Defendant created a hostile work environment and retaliated against him on the basis of his disability. This Court granted the Defendant's motion for summary judgment dismissing the Plaintiff's hostile work environment claim. The parties proceeded to trial on the Plaintiff's retaliation claim and the jury returned a verdict in favor of the Defendant. Thereafter, the Court entered judgment in favor of the Defendant. The Defendant moved for the taxation of costs against the Plaintiff in the amount of $12,991.73 for the cost of depositions, the trial transcript, and travel, lodging and witness fees for trial witness Russel Reaver. Following the Court Clerk's assessment of costs in the amount of $1,480.02 for the Plaintiff's deposition and the travel, lodging and witness fees of Reaver, the Plaintiff moved for review.

The Plaintiff does not dispute the taxation of the specific items charged or assert that the Court improperly taxed costs. Rather, the Plaintiff requests that the Court vacate the award of costs based upon his inability to pay. The Plaintiff submitted an affidavit to the Court affirming that he has been unemployed for most of

the time since his termination by the Defendant. The Plaintiff notes that he has been forced to withdraw money from his retirement account prematurely, in order to support his family, and, as a result, has received significant penalties. The Plaintiff further claims that although he was employed by the Air National Guard for a short time following his termination, he was forced to resign when he turned sixty years old. The Plaintiff affirms that he has no money saved and earned less than $5,000 in 2005. The Defendant opposes the motion, arguing that a party's indigence does not preclude an award of costs.

## II. DISCUSSION

"A district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question [it]self.' " Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (quoting Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233, 85 S. Ct. 411, 13 L. Ed. 2d 248 (1964)). Pursuant to Rule 54 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), costs are awarded to the prevailing party as a matter of course. Fed. R. Civ. P. 54(d); Whitfield, 241 F.3d at 101 ("Such an award is the norm, not the exception."). In order to qualify as prevailing party, the party must have succeeded "'on a significant issue in the litigation . . . .'". Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 50 (S.D.N.Y. 1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

However, a Court "need not award costs if its finds that such an award would be inequitable." <u>Bekiaris v. United States</u>, No. 96 Civ. 302, 1998 WL 734362, at *1 (S.D.N.Y. Oct. 20, 1998). The Court may consider factors such as the plaintiff's financial hardship and good faith in bringing the action. <u>Id</u>. "Indigency may be a proper ground for denying costs in some cases where there is a wide disparity of economic resources between the parties, and it is clear that the Court may consider the limited resources of a Title VII plaintiff when assessing costs." <u>Ferguson v. McDonnell Douglas Servs</u>., No. 94-CV-39, 1996 U.S. Dist. LEXIS 18034, at *2 (N.D.N.Y. Nov. 29, 1996), aff'd, 133 F.3d 906 (2d Cir. 1998). <u>See also</u> <u>Culp v. Zaccagnino</u>, No. 96 Civ. 3280, 2000 U.S. Dist. LEXIS 548, at 5-6 (S.D.N.Y. Jan. 18, 2000) (the Court finds that it would be inequitable to require the plaintiff to pay the defendants' costs because the plaintiff is indigent and the taxation of costs would result in financial hardship).

In the present matter, the Court finds that the Plaintiff is an individual litigant with limited resources. The Plaintiff submitted an affidavit to the Court stating that his income for 2005 was less than $5,000 and he is currently unemployed. The Defendant does not dispute the Plaintiff's financial state. Moreover, there has been no allegation that this case was litigated in bad faith. Therefore, as a result of the financial hardship that the imposition of costs would impose on the Plaintiff, this

Court will not tax costs. Figueroa v. City of New York, No. 00 Civ. 7559, 2005 U.S. Dist. LEXIS 6490, at *2-3 (S.D.N.Y. Apr. 14, 2005) ("Therefore, considering the financial hardship the imposition of costs would impose on plaintiff and the fact that plaintiff brought this action in good faith, I deny defendants' renewed motion for costs"); Brodie v. Pressley, No. 95 Civ. 1197, 1999 U.S. Dist. LEXIS 13768, at *7-8 (S.D.N.Y. Sept. 7, 1999) ("Given that plaintiff appears to be without worldly means, and that he pressed his claims in good faith, the Court finds that it would be inequitable to tax defendants' costs against him").

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's motion is **GRANTED** and the costs taxed by the Judgment Clerk are hereby vacated; and it is further

**ORDERED**, that the Defendant's motion for the taxation of costs is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
December 4, 2006

*/s/Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge